[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT STORM, INC.
TRODUCTION
The defendant Storm, Inc. ("Storm") has moved for summary judgment on count three of the complaint. That count alleges, in relevant part, that:
 The plaintiffs are the administrators of the estate of their decedent, John Klimaszewski ("Klimaszewski"); CT Page 6470
 Klimaszewski fell out of a truck and was thereafter run over by a vehicle ("Storm vehicle") owned by Storm and operated by the defendant Rebecca Lewis ("Lewis"), as a result of which Klimaszewski suffered fatal injuries;
 Klimaszewski's death was caused by the negligence or recklessness of Lewis;
Storm was the lessor of the Storm vehicle; and,
 Pursuant to § 14-154a of the General Statutes ("§ 14-154a"), Storm, as lessor of the Storm vehicle, is liable to the plaintiffs to the same extent as Lewis.
Storm has moved for summary judgment on the ground that it was not the lessor of the Storm vehicle. The plaintiffs argue that there exist genuine factual issues as to whether Storm was a lessor within the meaning of § 14-154a.
DISCUSSION
In support of its motion, Storm has submitted an affidavit from a principal of Storm which avers the following:
 At the time Klimaszewski was run over by the Storm vehicle, Storm was performing repairs on a vehicle owned by Lewis ("Lewis vehicle");
 The Storm vehicle was provided to Lewis as a "loaner" while the Lewis vehicle was being repaired by Storm;
 Storm did not enter into a rental agreement or lease agreement with Lewis regarding the Storm vehicle; and,
 Storm received no compensation from Lewis for the use of the Storm vehicle.
One of the materials submitted by Storm in support of its motion is a carbon copy ("carbon") of a document titled "Minimum Liability Insurance rental Agreement." Although the carbon is torn so that it's not entirely clear that Storm was a party to the agreement (the "agreement"), the trier could conclude that from the carbon, and from other materials submitted, that:
CT Page 6471 Storm, Inc., dba Branch Toyota, was an Authorized System Member, and Lewis was a customer, of something entitled Toyota Rent a Car; and,
 The agreement establishes rights and obligations of a member and a customer which are characteristic of those of a lessor and a lessee, including the obligation of Storm to provide state mandated minimum liability insurance for the Storm vehicle under certain circumstances.
While the trier could certainly conclude that the agreement looks like the kind of instrument which is frequently used to rent or lease a motor vehicle, Storm responds that the agreement does not recite any compensation paid, or to be paid, by Lewis to Storm for the use of the Storm vehicle, and that a recited compensation to a lessor is an essential element of a lease. Ergo, according to Storm's argument, as a matter of law Storm cannot be held to have rented or leased the Storm vehicle to Lewis.
The nub of Storm's argument is that a bailment of personalty cannot rise to the level of a lease unless money passes hands, as compensation, from the lessee to the lessor. The court rejects the claim that compensation is necessary to support a lease, and concludes that the traditional term of contractual analysis, consideration, rather than compensation, is the sine qua non of a lease. Accordingly, the issue is whether the plaintiff may be able to establish a consideration, other than compensation, as a basis for the court to conclude that the agreement was a rental agreement or lease.
The plaintiffs argue that Storm must have perceived some good business reason for providing a vehicle to Lewis without compensation. The punch line of that argument is that such a business reason may be a basis for a jury to infer consideration to Storm from Lewis. For example, a jury might find that the patronage of Lewis, in using Storm to repair the Lewis vehicle, was consideration to Storm to support a lease of the Storm vehicle to Lewis. The court agrees.
CONCLUSION
The lack of a stated, monetary compensation from Lewis to Storm for use of the Storm vehicle does not establish, as a matter of law, that the arrangement between them was without adequate consideration to Storm to support a rental agreement or lease. Accordingly, whether there was a rental agreement or lease between Storm and Lewis is a genuine, material issue of fact. CT Page 6472
Storm's motion for summary judgment is denied.
G. Levine, J.